**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANKLIN CAMINERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, PIKE COUNTY CORRECTIONAL FACILITY, *et al.*,<br><br>Respondents. | : | Civil No. 1:26-CV-02232<br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Franklin Caminero ("Petitioner"). (Doc. 1.) Petitioner argues that he is being wrongfully detained without a bond hearing under 8 U.S.C. § 1225(b) and, instead should be immediately released or given an appropriate bond hearing pursuant to 8 U.S.C. § 1226. For the reasons that follow, the court will grant the petition and order his immediate release.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of the Dominican Republic. (Doc. 1, p. 2.)[1] On November 8, 2022, Petitioner entered the United States at an unknown location without being inspected by an immigration officer. (Doc. 5-2.) On November 10, 2022, Petitioner was served with a notice and order of expedited removal. (*Id.*) On December 20, 2022, a notice to appear was issued charging Petitioner as

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

removable pursuant to the Immigration and Nationality Act ("INA") §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). (Doc. 5-3.) The same day, Petitioner was released on conditions of parole. (Doc. 5-4.)

On December 16, 2025, Petitioner was served with another notice to appear charging him as removable under § 212(a)(6)(A)(i). (Doc. 5-5.) On July 22, 2026, Petitioner was taken into custody and has been detained since that time. (Doc. 5-6.) Petitioner was scheduled to have an immigration hearing on August 26, 2026. (Doc. 5, p. 6.)

On August 5, 2026, Petitioner filed a petition for writ of habeas corpus requesting release from detention against several officials, including the Warden of Pike County Correctional Facility ("Respondents"). (Doc. 1.) Respondents filed a response on August 20, 2026, and Petitioner did not file a traverse. (Doc. 5.) Thus, this petition is ripe for review.

## STANDARD OF REVIEW AND JURISDICTION

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States." Claims related to an immigration detainee's request for release from confinement must be brought as a habeas petition as these "claims fall within the 'core' of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 167

(2022)). Jurisdiction for "core habeas petitions . . . lies in only one district: the district of confinement." *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (internal quotations omitted). Petitioner is detained at Pike County Correctional Facility, which is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

## DISCUSSION

The court has reviewed the parties' filings and has carefully considered all arguments set forth by the parties. (*See* Docs. 1, 5.) For the sake of brevity, the court will not restate those arguments here.

Section 1225 of the INA is titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." 8 U.S.C. § 1225. It defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." *Id.* § 1225(a)(1). Section 1225(b)(2)(A) provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

Noncitizens subject to this mandatory detention may only be released while their removal proceedings are pending "for urgent humanitarian reasons or significant public benefit." *Jennings*, 583 U.S. at 288. The BIA recently decided *Matter of*

*Yajure Hurtado*, 29 I. & N. Dec. 2016 (Sept. 5, 2025), wherein the BIA held that noncitizens who enter the United States without admission are subject to mandatory detention under Section 1225(b)(2)(A), and thus, immigration judges lack the authority to provide a bond hearing.

Conversely, 8 U.S.C. § 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> (a) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (b) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an 'employment authorized' endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

Petitioner is detained pursuant to Section 1225(b)(2)(A) and the parties do not allege that Petitioner is subject to Section 1226(c).[2]

The Third Circuit rejected Respondents' position regarding the applicability of Section 1225(b)(2)(A) to detainees like Petitioner, a noncitizen who previously

[2] Section 1226(c) requires detention of noncitizens who are inadmissible or deportable because they have committed a criminal offense identified in this section. 8 U.S.C. § 1226(c).

entered and has been living in the United States prior to his detention. *Buele Morocho v. Warden Phila. FDC*, No. 26-1150, --- F.4th ----, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). In coming to this conclusion, the court looked to the ordinary meaning of "seeking admission." *Id.* at *3. To be an "applicant for admission" subject to Section 1225(b)(2)(A), a noncitizen must "engage in an ongoing affirmative act to 'seek admission' to the United States." *Id*. at *4. Because Petitioner is not affirmatively seeking admission as he has been residing in the United States for nearly four years, he is not within the scope of Section 1225(b)(2)(A). *Id.* (citations omitted). Therefore, Section 1225(b)(2)(A) does not apply to him as he is not currently "seeking admission" to the United States.

Addressing Petitioner's constitutional claims, it is undisputed that "once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (citations omitted). Applying the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), as the Third Circuit did in *Buele Morocho v. Warden Phila. FDC*, No. 26-1150, --- F.4th ----, 2026 WL 2546223, at *8–10 (3d Cir. Aug. 28, 2026), the court finds that all three factors

weigh in favor of Petitioner.[3] Thus, the court finds that Petitioner's mandatory detention without a bond hearing under Section 1225(b)(2)(A) violates his procedural due process rights. *Buele Morocho*, 2026 WL 2546223 at *8–10.

Accordingly, the court will grant Petitioner's petition and order his immediate release.

## CONCLUSION

For these reasons, the court will grant Petitioner's petition for writ of habeas corpus and order his immediate release. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 11, 2026

[3] Those three factors are: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.